1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAAMID DARCUIEL, | Case No.  1:14-cv-01273-GSA-HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) |
| v. | |
| TURNING POINT, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California.

## I.

## DISCUSSION

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary

---

[1] Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, the Court may apply any or all of these rules to habeas corpus petitions other than those filed pursuant to § 2254.

1

review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## B. Subject Matter Jurisdiction

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000).  A prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam).

18 U.S.C. § 3624(c) describes a prisoner's ability to be placed in community confinement:

> (c) Pre-release custody. The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

18 U.S.C. § 3624(c).

In the present Petition, Petitioner seeks an "'order' directing the 'Turning Point' halfway

1    house in Fresno, California, 'reconsider' petitioner's placement in their R.R.C. program and

2    absent a true and valid reason, 'accept' petitioner into their R.R.C. program." (Pet. 7, ECF 1).

3    Petitioner admits that he is not challenging any policies or procedures of the Bureau of Prisons

4    and that the Bureau of Prisons actually submitted him for Residential Re-entry Center

5    designation. (Pet. 3). This Court does not have jurisdiction to order Turning Point, a private re-

6    entry center that contracts with the Bureau of Prisons and the California Department of

7    Corrections, to accept Petitioner into its R.R.C. program. As this is the only claim that Petitioner

8    states in his Petition, the Petition must be dismissed for lack of jurisdiction.

9        **C. Proper Respondent**

10       For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the

11   prisoner or his custodian. United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). A failure

12   to name the proper respondent deprives a habeas court of personal jurisdiction. Brittingham v.

13   United States, 982 F.2d 378, 379 (9th Cir. 1992); Dunne v. Henman, 875 F.2d 244, 249 (9th

14   Cir.1989). The proper respondent in a federal habeas corpus petition is the petitioner's

15   "immediate custodian." Brittingham, 982 F.2d at 379 (quoting Demjanjuk v. Meese, 784 F.2d

16   1114, 1115 (D.C.Cir.1986)); see also 28 U.S.C. § 2242. The custodian "is the person having a

17   day-to-day control over the prisoner. That person is the only one who can produce 'the body' of

18   the petitioner." Brittingham, 982 F.2d at 379 (quoting Guerra v. Meese, 786 F.2d 414, 416

19   (D.C.Cir.1986) (Parole Commission is not custodian despite its power to release petitioner)).

20   Normally, the custodian of an incarcerated petitioner is the warden of the prison in which the

21   petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.

22   Brittingham, 982 F.2d at 379; see also Stanley v. California Supreme Court, 21 F.3d 359, 360

23   (9th Cir. 1994).

24       Petitioner fails to name a proper respondent in his petition. Petitioner names "Turning

25   Point," a re-entry center, as the Respondent. Petitioner is presently incarcerated at the United

26   States Penitentiary in Atwater. The Court notes that it would generally give Petitioner the

27   opportunity to cure this defect by amending the petition to name a proper respondent, such as the

28   warden of his present facility, but that would be futile, as the petition is dismissed for lack of

3

subject matter jurisdiction.

## II.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

### III.

### ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  __**October 1, 2014**__          _____**/s/ Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE

5